IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-10788
Summary Calendar

---

DANTE D'AGOSTINO, III,

Plaintiff-Appellant,

versus

JEAN LOUIS, ET AL.,

Defendants-Appellees.

---

Appeal from the United States District Court for the
Northern District of Texas
(1:97-CV-27)

---

June 16, 1998

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.[*]

PER CURIAM:

Dante D'Agostino, III, Texas state prisoner # 688309, seeks appellate relief relative to several interlocutory orders of the district court, entered by a magistrate judge on authority of 28 U.S.C. § 636(c). The district court authorized a Fed. R. Civ. P. 54(b) appeal, but only of its order dated May 30, 1997, dismissing

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

D'Agostino's claims against all the defendants, prison officials, and employees in their official capacities.

Relative to this May 30, 1997, order, D'Agostino has argued on appeal only the dismissal of his claim for injunctive (or declaratory) relief against appellee Wayne Scott (allegedly the director of the Texas prison system).[1]

The district court, in its order dated May 30, 1997, dismissing the entirety of D'Agostino's official capacity claims on the basis of the Eleventh Amendment, was under the erroneous impression that only monetary relief was sought ("[t]he entire prayer for relief in this case is for monetary damages"). However, paragraph B of the complaint's prayer for relief specifically sought injunctive relief against Scott, as above noted. *See Pennhurst State Sch. and Hospital v. Halderman*, 465 U.S. 89, 100-03 (1984). Therefore, the district court's order dated May 30, 1997, is VACATED insofar only as it dismissed the claim for injunctive (or declaratory) relief against Scott in his official capacity, and said injunctive (or declaratory) claim against Scott in his official capacity is REMANDED for further proceedings. As to appropriate authorization of amendment of this remanded claim following remand, *see generally Eason v. Thaler*, 14 F.3d 8, 9-10

---

[1]We also note that D'Agostino informed the court below that he wished to withdraw his official capacity claims against all defendants except Scott, against whom he sought official capacity injunctive (and declaratory) relief.

2

(5th Cir. 1994).  D'Agostino's request that this Court grant him injunctive relief is DENIED as it has no arguable merit.  *See A.O. Smith Corp. v. FTC*, 530 F.3d 515, 525 (3d Cir. 1976).

Since D'Agostino does not challenge the May 30, 1997, order in any respect other than insofar as it dismissed any official capacity claims for injunctive (or declaratory) relief against Scott, his complaints concerning his request to withdraw his consent to proceed under section 636(c) and the magistrate judge's refusal to recuse himself are either mooted by our above action or are nonappealable interlocutory orders beyond the scope of this Rule 54(b) appeal, and said contentions are hence DISMISSED as moot or nonappealable.

D'Agostino's complaints concerning the separate order dated June 2, 1997, dismissing his claim for monetary damages against Scott individually, and the separate order denying his motion to serve process on a "John Doe" defendant, all wholly relate to nonappealable interlocutory orders beyond the scope of this Rule 54(b) appeal and are hence DISMISSED as nonappealable.

> VACATED and REMANDED in part; APPEAL DISMISSED in part; request for this Court to enter injunction DENIED